**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                  **4:04CR00214-1**

**GARRY LAVERGIS RODGER**

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner was charged in a one-count indictment with unarmed bank robbery, in violation

of 18 U.S.C. § 2113(a).  The offense occurred on August 11, 2004.  Pursuant to a written plea

agreement, Petitioner pled guilty to the indictment.  Petitioner was sentenced to 42 months

imprisonment followed by three years' supervised release.  Petitioner did not file a direct appeal.

Currently pending before the Court is Petitioner's motion filed pursuant to 28 U.S.C. §

2255 arguing that (1) the Court erroneously calculated his sentence by adding one point to his

criminal history category based upon an unsubstantiated November 12, 2003 theft of property

charge;  (2) the Court erroneously added two points to his criminal history category based upon

the fact that the federal bank robbery offense occurred while Petitioner was on probation for the

November 12, 2003 theft of property charge; (3) the Court should grant Petitioner a reduction in

sentence for his successful completion of the Residential Drug Abuse Program ("RDAP")

offered by the Bureau of Prisons; and (4) his counsel was ineffective because she failed to object

to the November 12, 2003 theft of property charge and the corresponding calculation of

Petitioner's criminal history points.

I.        Guideline Computation

Petitioner claims that the Court should not have included his November 12, 2003 theft of

property charge in his criminal history computation at sentencing.  "[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003).  Petitioner did not file a direct appeal on any issue in his case, including his criminal history computation.  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent[.]'" *Bousley v. U.S.,* 523 U.S. 614, 622 (1998)(internal citations omitted).  The only grounds Petitioner has presented as cause and prejudice is that "the Courts own records show that the information relied upon to include the November 11, 2003 enhancement was neither available or substantiated with independant [sic] proof."  (Petitioner's Reply, at p. 2).  This statement does not establish cause for Petitioner's failure to file a direct appeal.  Further, Petitioner makes no claim that he is actually innocent of the bank robbery charge against him.  Therefore, this claim may not be raised in a § 2255 motion.

II.    Ineffective Assistance of Counsel

In his Reply, Petitioner asks the Court to amend his Motion to include an ineffective assistance of counsel claim.  To obtain relief on his ineffective assistance of counsel claim, Petitioner  must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  Petitioner  must also prove prejudice by

demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different. *Id*. at 694.

Petitioner claims that his counsel should have objected to the inclusion of the November 13, 2003 theft charge in his criminal history computation at sentencing. Petitioner claims that if his counsel had objected, the theft charge would not have been counted in his criminal history computation based upon the Commentary to Section 4A1.1(d) of the United States Sentencing Guidelines. Absent the thee points attributable to this charge, Petitioner's guideline range would have been reduced from 37 to 46 months down to 33 to 41 months.

The Commentary to U.S.S.G. § 4A1.1(d) states:

> Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including *probation*, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence. See § 4A1.2(n). For the purposes of this item, a "criminal justice sentence" means a sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this item to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included. A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.

U.S.S.G. § 4A1.1(d), comment. (Nov. 2005)(emphasis added).

According to the Petitioner, he was sentenced to one year of probation and a fine even though he did not plead guilty to the theft of property charge in 2003. He contends that if he had been able to pay the fine, the one-year term of probation would have been terminated. Thus, he would not have been on probation when he committed the federal bank robbery offense.

Unfortunately, Petitioner admits that he did not pay the fine.  Therefore, he was on probation when he committed the bank robbery.

Petitioner further contends that when he was committed by the Little Rock Municipal Court on August 13, 2004, he served time for failure to pay the fine.  While this may be true, this time was served and the fine was satisfied *after* Petitioner robbed the bank.

As an exhibit, Petitioner has included the Warrant for his arrest dated April 13, 2004.  The Warrant indicates that his *probation* was being revoked and lists the following offenses: a failure to report, fee due of $420, fine due of $605, 10 days community service, failure to attend theft class and failure to do work release.  (Exhibit 1 to Petition).  In other words, Petitioner's evidence proves that he was on probation when he committed the bank robbery.

Therefore, the Court finds that Petitioner cannot prove he was prejudiced by his counsel's failure to object to his criminal history computation at sentencing.  Any objection to the inclusion of the November 13, 2003 theft of property charge in Petitioner's criminal history computation would have been overruled because it was meritless.

III.     Residential Drug Abuse Program

Petitioner asks the Court to grant him early release because he has successfully completed the BOP's Residential Drug Abuse Program.  The BOP has denied his request for early release "due to the instant offense and prior convictions."  (Exhibit 4 to Petition).  This claim is not cognizable in a § 2255 petition.  A § 2255 petition is available to petitioners attacking their sentence or their conviction.  A § 2241 petition, on the other hand, is the proper vehicle for a petitioner attacking the manner in which the sentence is being executed.  A claim that the BOP should allow Petitioner early release for the completion of the RDAP is properly brought under

28 U.S.C. § 2241, not § 2255.

Moreover, in *Lopez v. Davis* the United States Supreme Court held that it was within the BOP's discretion, as granted to it under 18 U.S.C. § 3621(e)(2), to make rules categorically excluding certain types of inmates from receiving early release.  *Lopez v. Davis*, 531 U.S. 230, 235, 121 S.Ct. 714 (2001).  This includes inmates whose current offense is a felony or who have been convicted of crimes involving firearms.  *See U.S. v. Lopez-Salas,* 266 F.3d 848 (8th Cir. 2001).  Thus, the BOP is within its rights to deny Petitioner's early release for completing the RDAP.

IV.     Conclusion

For these reasons, the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket # 35) is DENIED.

IT IS SO ORDERED this 6th day of June 2006.

James M. Moody
United States District Judge